FILED IN CLERK'S OFFICE
Atlanta

OCT 23 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WARREN STANFIELD, a/k/a Michael Wesley Whitmer, Inmate # 0536185, <br> Plaintiff, <br><br> v. <br><br> RONNIE B. WYATT, <br> Defendant. | :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: | CIVIL ACTION NO. <br> 1:06-CV-1686-WSD <br><br><br><br><br><br> PRISONER CIVIL RIGHTS <br> 42 U.S.C. § 1983 |

## ORDER AND OPINION

On April 16, 2006, Plaintiff, an inmate at the Fulton County Jail in Atlanta, Georgia, filed his complaint in the Superior Court of Fulton County asserting various claims for violation of his federal and constitutional rights. The complaint specifically alleges a claim or claims under 42 U.S.C. § 1983. [Doc. 1 Ex. A.] Plaintiff also moved for a temporary restraining order to prohibit jail officials from taking adverse action against him in retaliation for asserting claims against the Defendant. Id. On July 17, 2006, Defendant removed the action to this Court. [Doc. 1.] He paid the $350.00 filing fee. [Doc. 1.]

## I. Removal

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of

the parties." 28 U.S.C. § 1441(b). The existence of such jurisdiction is determined by the substance of the complaint at the time of removal. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10-11 (1983). Under the "well-pleaded complaint rule," a claim "arises under" federal law "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285, 1290 (11th Cir. 2004). Because it sets forth "a claim or right arising under the Constitution, treaties or laws of the United States," over which this Court has original jurisdiction, See 28 U.S.C. § 1441(b), the removal of this action to this Court was proper.

## II. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392,

2

393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

### III. Plaintiff's allegations

In this action, Plaintiff asserts claims against a detention officer at the Fulton County Jail. Specifically, Plaintiff claims that Defendant retaliated against him for "exercis[ing] his rights to redress and relief through the inmate grievance procedure established at the Fulton County Jail." [Doc. 1 Ex. A ¶ 17(A) & attachs. (six Fulton County Jail Inmate Grievance Forms filed by Plaintiff between

3

December 9, 2005, and March 18, 2006, regarding Defendant's alleged actions).] Plaintiff alleges that on December 5, 2005, Defendant expressed to other inmates in the Bellwood Unit Annex, where Plaintiff resides, that he might withdraw privileges from the entire unit if the grievances from that unit did not cease. [Id. ¶ 17(B).] Plaintiff claims Defendant identified Plaintiff as the person asserting grievances. Plaintiff claims Defendant returned on December 14, 2005, to harass the entire unit "with a long winded speech about Plaintiff's complaints to Internal Affairs and the F.B.I., . . . [which] instigat[ed] racial discrimination and violence against Caucasian Plaintiff, [by] blaming [Plaintiff] for the harassment other inmates were suffering from the Defendant." [Id. ¶ 17(C).] Plaintiff also alleges that Defendant suggested to a fellow inmate, to whom Plaintiff apparently had been offering informal legal assistance, that he intended to "take legal actions against the Plaintiff through the Georgia State Bar." [Id. ¶ 17(D); Inmate Grievance Form, January 11, 2006.] Plaintiff asserts that Defendant instigated violence against Plaintiff on or about February 22, 2006, by creating the impression that Plaintiff was engaged in conduct that would result in hardships imposed by Defendant on all of Plaintiff's fellow inmates. [Id. ¶ 17(E).]

4

On or about March 6, 2006, Plaintiff claims Defendant caused mail from this Court to Plaintiff to be returned as "undeliverable, inmate released from facility," resulting in the dismissal of Plaintiff's pending lawsuit for failure to update his address, even though Plaintiff still was incarcerated in the jail. [Id. ¶ 17(F).] See Whitmer v. Freeman, Civil Action No. 1:05-CV-3222 (N.D. Ga. July 12, 2006) (Docket Entry 5 – March 24, 2006 Order dismissing action without prejudice for Plaintiff's failure to update address).[1] At about that same time, Plaintiff claims Defendant provided a fellow inmate with a copy of Plaintiff's prisoner account statement, which Plaintiff claims suggested to the inmate that Plaintiff's female friend had "stolen" $600 from him, "resulting in a near riot against Plaintiff from which Plaintiff had to be relocated after inmates stole all of his personal property and threatened to cause him harm." [Id. ¶ 17(G); Inmate Grievance Form, March 11, 2006.]

---

[1] The Court notes that Plaintiff's prior lawsuit was re-opened pursuant to his motion explaining that his address had not changed. The lawsuit eventually was dismissed for Plaintiff's failure to inform the Court that he had been released from the Fulton County Jail on June 5, 2006. See Civil Action No. 1:06-CV-3222 (Docket Entry 8 – May 8, 2006 Order reinstating action due to possible confusion created by Plaintiff's use of alias; Docket Entry 12 – July 12, 2006 Order dismissing action without prejudice for Plaintiff's failure to update address).

5

On March 15, 2006, immediately upon Plaintiff's release from custody on bond, Plaintiff alleges Defendant had him arrested without a warrant. He alleges that on March 16, 2006, without notifying Plaintiff of the time and place of the commitment hearing, Defendant presented false statements and forged documentation to the Magistrate Court of Fulton County to secure an "illegal warrant" for Plaintiff's arrest on a charge of practicing law without a license. [Id. ¶¶ 17(H), 17 (I), 17(J); Inmate Grievance Form, March 18, 2006).] Finally, Plaintiff contends Defendant retaliated against him for his having obtained affidavits from fellow inmates by transferring Plaintiff to solitary confinement in a cell known as "the torture chamber." [Id. ¶ 17(K).] Plaintiff seeks, inter alia, compensatory and punitive damages and a temporary restraining order to prevent any further retaliation against him. [Id. ¶ 20 and attach.]

## IV. Discussion

"To state a retaliation claim, the commonly accepted formulation requires that a plaintiff must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." Bennett v. Hendrix, 423 F.3d

6

1247, 1250, 1254 (11th Cir. 2005) (adopting the "objective standard" that "[a] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights"); see also Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005) (stating that "[a] plaintiff seeking to recover for First Amendment retaliation must allege that (1) she engaged in protected First Amendment activity, (2) the defendants took some action that adversely affected her First Amendment rights, and (3) there was a causal relationship between her protected activity and the defendants' conduct").

Furthermore, the First Amendment "prohibits state officials from retaliating against prisoners for exercising the right of free speech." Thomas v. Evans, 880 F.2d 1235, 1241 (11th Cir. 1989). To state a retaliation claim, "a prisoner need not allege violation of a separate and distinct constitutional right." Id. at 1242. Rather, he need only allege that "his discipline was the result of his having filed a grievance concerning the conditions of his imprisonment." Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989). "[T]he gist of a retaliation claim is that a prisoner [was] penalized for exercising the right of free speech." Farrow v. West, 320 F.3d 1235, 1249 (11th Cir. 2003).

7

A Plaintiff presents a viable claim of the denial of access to the courts when he shows "actual injury regarding prospective or existing litigation," such as "missing filing deadlines or being prevented from presenting claims," while "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." Wilson v. Blankenship, 163 F.3d 1284, 1290 & n.10 (11th Cir. 1998).

Accepting Plaintiff's allegations as true, which the Court must do at this stage of the litigation, the Court finds that Plaintiff has stated a viable claim that Defendant retaliated against him for exercising his First Amendment right to seek redress of his prison grievances. Plaintiff has alleged a causal connection between his exercise of that right and Defendant's adverse actions, which actions were likely to deter a person of ordinary firmness. See Bennett, 423 F.3d at 1250, 1254. In addition, if documents were falsified to mislead this Court into dismissing Plaintiff's prior lawsuit for failure to update his address, the falsification could have violated Plaintiff's right of access to this Court.

For the foregoing reasons, the Court finds that Plaintiff has alleged causes of action – for First Amendment retaliation and denial of access to the courts – that satisfy the requirements of 28 U.S.C. § 1915A. It does not appear beyond doubt

that Plaintiff could prove no set of facts that would entitle him to relief. Accordingly, in light of the allegations presented, and in deference to Plaintiff's pro se status,

**IT IS ORDERED** that his claims be allowed to **PROCEED** as in any other civil action. In the absence of sufficient evidence to support Plaintiff's motion for a temporary restraining order, it is **DENIED**.

### V. Service of process and related matters

Because Defendant already has been served with a copy of Plaintiff's complaint, no service of process is required herein.

Plaintiff is **DIRECTED** to serve upon Defendant or Defendant's counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant or Defendant's counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

9

AO 72A
(Rev.8/82)

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendant advised of his current address at all times during the pendency of this action. Failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED** this 23rd day of October, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE